UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:05CV-116-R

MICHAEL SUYEYASU     PLAINTIFF

v.

GE SUPPLY and
JIM SEDOSKEY     DEFENDANTS

### OPINION AND ORDER

This matter is before the Court on motion to compel (Dkt. # 18) of Plaintiff Michael Suyeyasu. Defendants responded (Dkt. # 23), and this matter is now ripe for adjudication. For the reasons that follow, the Court **GRANTS** the Plaintiff's motion.

### DISCUSSION

Mr. Suyeyasu's complaint alleges violations of the Kentucky Civil Rights Act, specifically KRS 344.040 and 344.280, which prohibit discrimination in the terms of employment and retaliation against any person for opposing a discriminatory practice. Plaintiff moves the Court to compel Defendant GE Supply to disclose to him "relevant information pertaining to an comparator identified by plaintiff;" specifically, he seeks to discover "information regarding Mr. Parsons' training, leadership or otherwise, performance, and evaluations to test defendant's proffered reason."

Mr. Parsons' qualifications are only relevant insofar as they shed light on GE Supply's decision to hire him, rather than Mr. Suyeyasu, for the Louisville branch manager position. Under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Plaintiff may prove an indirect discrimination claim by first making out his

*prima facie* case; at that point, the defendant has a burden of articulation which requires it to set forth a non-discriminatory reason for taking the action it took, which Plaintiff must then rebut in order to survive summary judgment. Mr. Parsons' qualifications, then, only come into play if and when Plaintiff has made out his *prima facie* case and GE Supply has articulated its nondiscriminatory reason.

In their summary judgment motion, Defendants argue that Plaintiff has not made out his *prima facie* case. To meet this relatively easy burden, the plaintiff must establish that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class, or a person outside his protected class was treated more favorably than he was. *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538-39 (6th Cir. 2002); *Braithwaite v. The Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir. 1992). Defendants do not dispute that Plaintiff is a member of a protected class and that he was qualified for the position. Plaintiff has also made out the two other elements of the *prima facie* case: that he suffered an adverse employment action (not being allowed to interview for the Louisville branch manager position) and that a person outside his protected class was treated more favorably than he was (ultimately, Mr. Parsons, a caucasian, was hired for the position). GE Supply argues that it hired Mr. Parsons rather than Mr. Suyeyasu becuase "Parsons had performed well in leadership roles and [...] Suyeyasu had no such experience." (Dkt. # 23, at 5). In order for Plaintiff to have the opportunity to rebut this proffered rationale, as is his right under the *McDonnell-Douglas* analysis, he must have access to the information available to GE Supply when they were making this determination.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Compel insofar as it seeks the opportunity to inspect and copy the personnel records, including notes, relied upon by GE Supply in making the hiring determination.  The Court **DENIES** Plaintiff's Motion to Compel insofar as it seeks attorney fees and expenses incurred in making the motion.

**IT IS SO ORDERED**.